IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NIGEL WILLIAMS, | : |
| | : |
|     Plaintiff, | : |
| | : Civil Action File No.: |
| v. | : |
| | : **JURY TRIAL DEMANDED** |
| PALO ALTO NETWORKS, INC., | : |
| | : |
|     Defendant. | : |

**COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES**

Plaintiff Nigel Williams files this Complaint against Defendant Palo Alto Networks, Inc. ("Palo Alto" or "Defendant"), alleging violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e *et seq.* ("Title VII"), showing the Court as follows:

**INTRODUCTION**

1.

Plaintiff brings this action against Palo Alto because he was unlawfully terminated after nearly three years of serving as its Worldwide Vice President for Managed Security Service Provider ("MSSP") Channels. Although Plaintiff was exceptionally qualified for this position – with a commanding 35 years of experience

1

building and managing sales teams, evidenced by his ability to continually surpass goals set by Defendant, he was terminated, and Defendant hired a younger, less qualified female into an MSSP role for which Plaintiff was well qualified.

2.

Plaintiff asserts claims of age discrimination under the ADEA and sex discrimination under Title VII. Plaintiff seeks injunctive and declaratory relief, back pay and lost benefits, front pay or reinstatement to a full-time position with commensurate benefits, compensatory damages, liquidated damages, and attorneys' fees and costs of litigation.

## JURISDICTION AND VENUE

3.

Plaintiff's claims present federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343(a).

4.

The violations of Plaintiff's rights occurred in the Northern District of Georgia. Venue is proper under 28 U.S.C. § 1391(b) and (c), as a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in the Atlanta Division of the United States District Court for the Northern District of Georgia.

## EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS

5.

Plaintiff satisfied all administrative prerequisites to perfect his claims under the ADEA and Title VII. Specifically, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on age, in violation of the ADEA, and sex, in violation of Title VII, and the EEOC issued a notice of right to sue.

6.

Plaintiff brings this suit within ninety (90) days of receipt of his notice of right to sue.

## PARTIES

7.

Plaintiff is a fifty-seven (57) year old male who resides in the Northern District of Georgia and is a citizen of Georgia. Plaintiff was an employee of Defendant Palo Alto Networks, Inc. at all times material to this Complaint.

8.

Plaintiff is now and was at all times relevant to this action, a resident of the State of Georgia.

9.

Defendant Palo Alto Networks, Inc. is a foreign for-profit corporation with its principal office located at 3000 Tannery Way, Santa Clara, CA, 95054. At all times relevant to this Complaint it was doing business in Atlanta, Georgia.

10.

Defendant may be served with summons and a copy of the Complaint in this action by delivering process to its registered agent for service of process, Corporation Service Company located at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

## STATEMENT OF FACTS

11.

Plaintiff Nigel Williams is a male, over the age of 40. At the time of his termination by Defendant, he was 54 years old.

12.

Mr. Williams was one of the highest performing and successful salespeople for Palo Alto Networks, Inc., generating top revenues, and he was suddenly transferred to a struggling Service Provider team weeks before his termination.

13.

Mr. Williams was hired by Palo Alto on August 16, 2016, for the position of

Worldwide Vice President for Managed Security Service Provider (MSSP) Channels. This hire was based on Mr. Williams' 35 years of experience building and managing sales teams in the IT field at high-level companies like Cisco Communications, Level Three Communications, and Ciena Corporation.

14.

Upon his hire, and throughout the duration of his employment, Palo Alto set goals for Mr. Williams in his role as Vice President of MSSP channels. Mr. Williams consistently surpassed the goals set for him. For example, in 2017, Palo Alto set a goal for Mr. Williams of $18 million in generated revenue. Mr. Williams exceeded this goal by generating $26.1 million in revenue. Likewise, in 2018, Mr. Williams' goal was set at $46 million in revenues. He generated $60.1 million in revenue that year. In 2019, Palo Alto set his goal at $75 million in revenue. He again exceeded that goal by generating $95 million in revenue.

15.

Mr. Williams excelled in his performance. In his last performance review with Palo Alto in 2018, his SVP James Cassella rated him as "outstanding." He was also invited to attend the 2017 and 2018 Leadership Circle, a strategic event for the top 130 senior leaders within the company.

16.

Despite his impressive performance, Mr. Williams was terminated in the summer of 2019. In a letter dated May 20, 2019, Mr. Williams was told he was being released because his position had been "eliminated." This decision contradicted representations made by Palo Alto in previous leadership meetings: First, that Mr. Williams would not be impacted by workforce reductions, and second, that MSSP, his area of expertise, was a strategic imperative for Palo Alto.

17.

A Power Point presentation disseminated within the company stated that Palo Alto was investing in MSSP, not eliminating it.

18.

The May 20 termination letter stated that Mr. Williams' employment with Palo Alto would end on June 21, 2019, unless he found an alternative position within the company. Based on the May 20 letter, Mr. Williams sought to obtain a position elsewhere in the company. During the course of trying to find a new position, Mr. Williams tried to enlist the help of his new direct manager, Todd Surdey. However, Mr. Surdey, who had repeatedly made age biased comments to and about Mr. Williams, refused to help Mr. Williams and failed to attend scheduled calls with Mr. Williams to discuss opportunities within the company.

19.

Mr. Surdey repeatedly made ageist comments to Mr. Williams, such as accusing him of being "archaic" and "outdated and in need of modernization." These comments were made to Mr. James Cassella, who was also relieved of his duties at Palo Alto.

20.

Without the assistance of his manager, Mr. Williams sought to find a new position on his own, in the Prisma Access Division of the company doing work involving his specialty, MSSP channels. The Prisma Division is hugely dependent on an MSSP strategy. A senior employee at the company, Chad Gardner, told Mr. Williams that he was surprised Mr. Williams had not been automatically placed in this position.

21.

While he was trying to secure a position in the Prisma Access Division, Mr. Williams had a phone interview with Nikesh Kalra, the newly appointed Vice President of the Prisma Division. After the phone interview, Kalra informed Mr. Williams that he wanted to go on a "different path" and that there was no MSSP position available. However, at the same time Kalra was telling Mr. Williams that there was no MSSP position, he was interviewing female candidates for such a

position.

22.

One of the women who was interviewed with Kalra, Nicky Johnson, a much younger, less experienced woman, was employed in the Prisma Division doing MSSP work.

23.

Mr. Williams was ultimately terminated on June 21, 2019.

## COUNT ONE
## Age discrimination in violation of the Age Discrimination in Employment Act 29 U.S.C. § 621 *et seq*.

24.

Plaintiff incorporates herein by reference, the preceding allegations set forth in Paragraphs 1 through 23.

25.

At all relevant times, Plaintiff was an "employee" of Defendant Palo Alto as that term is defined by the ADEA.

26.

At all relevant times, Defendant Palo Alto was an "employer" as that term is defined by the ADEA.

27.

Mr. Williams' employment was unlawfully terminated by Palo Alto in violation of the Age Discrimination in Employment Act (ADEA), due to his age, 54, when terminated.

28.

Pursuant to 29 U.S.C. § 623(a)(1), the ADEA makes it unlawful "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individuals age [.]"

29.

Mr. Williams, then age 54, was a member of the protected class of individuals over the age of 40.

30.

Mr. Williams was subject to an adverse employment action.

31.

Defendant Palo Alto discriminated against Plaintiff in violation of the ADEA by taking adverse actions against him, including but not limited to: ( a ) precipitously transferring him from a position in which he was highly successful to one which was to be eliminated; (b) informing him that his subsequent position was being

eliminated; and (c) despite encouraging him to pursue other positions at Palo Alto, did not support him in that effort and placed a younger, less qualified female outside of Plaintiff's protected class into a role that he was highly qualified to fill.

32.

A substantially younger person and less qualified person filled the position for which he interviewed.

33.

Mr. Williams was qualified to do the job he held prior to transfer, was qualified to do the job from which he was terminated, and was qualified for the job for which he was rejected.

34.

There is evidence by which a factfinder might reasonably conclude that Defendant intended to discriminate on the basis of age in reaching the decision at issue.

35.

In taking these adverse actions against Plaintiff, Defendant unlawfully discriminated against Plaintiff based on his age in violation of the ADEA.

36.

Plaintiff is entitled to an award of back pay and benefits, front pay, liquidated

damages, injunctive relief, attorneys' fees, and all other appropriate damages, remedies, and other relief available under the ADEA and all federal statutes providing remedies for violations of the ADEA.

### COUNT TWO
### Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended
### 42 U.S.C. § 2000e *et seq*.

37.

Plaintiff incorporates herein by reference paragraphs 1 through 23 as if fully set forth herein.

38.

At all relevant times, Plaintiff, a male, was an "employee" of Defendant Palo Alto as that term is defined by Title VII.

39.

Defendant was an "employer" within the meaning of Title VII.

40.

Plaintiff was qualified for the position he held, Worldwide Vice President for MSSP Channels, and the position for which he applied or was denied consideration, interviews, promotions/and or selection.

41.

The above-pled discriminatory conduct toward Plaintiff, including but not

limited to, the non-selection and termination of Plaintiff, and the more favorable treatment of women, and other acts, constitute unlawful sex discrimination against Plaintiff in violation of Title VII.

42.

Plaintiff's gender was a motivating factor in Defendant's decision not to retain Plaintiff or hire him for a position for which he was sufficiently qualified, even if his gender was not the only factor that motivated the decision.

43.

Defendant willfully and wantonly disregarded Plaintiff's rights and Defendant's discrimination against him was undertaken in bad faith, was willful and wanton.

44.

As a result of Defendant's discriminatory non-selection and termination of Plaintiff, Plaintiff has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

45.

Plaintiff is entitled to an award of back pay and lost economic benefits of employment, non-economic compensatory damages, punitive damages, reasonable attorney's fees and costs of litigation, and all other appropriate damages, remedies,

and other relief available under Title VII and all federal statutes providing remedies for violations of Title VII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a TRIAL BY JURY and requests the following relief:

A. That this Court adjudicate and declare that Defendant has violated Plaintiff's federally protected rights as pled above;

B. That this Court permanently enjoin Defendant from committing similar violations in the future;

C. That this Court award Plaintiff back pay, all lost wages and benefits, pay increases Plaintiff would have received absent his unlawful termination, all other benefits of employment reducible to a dollar value;

D. That this Court award Plaintiff compensatory damages for emotional pain and suffering as determined by the enlightened conscience of a jury;

E. That this Court award Plaintiff punitive damages recoverable under Title VII;

F. That the Court award liquidated damages under the ADEA;

13

G. That this Court order Defendant to reinstate Plaintiff with all compensation and benefits made retroactive to his last day of employment or, in lieu of same, award front pay;

H. That this Court award Plaintiff his reasonable attorneys' fees and expenses;

I. That this Court award Plaintiff pre-judgment and post-judgment interest as required by law;

J. That the Court grant to Plaintiff the right to have a trial by jury on all issues triable to a jury; and

K. All other relief that the Court deems just and proper.

Respectfully submitted this 17th day of November, 2022.

BUCKLEY BEAL LLP

By: *s/ Edward D. Buckley*
Edward D. Buckley
Georgia Bar No. 092750
edbuckley@buckleybeal.com
Joseph Quattlebaum
Georgia Bar No. 319971
jquattlebaum@buckleybeal.com

600 Peachtree Street NE
Suite 3900
Atlanta, GA  30308
Telephone: (404) 781-1100
Facsimile:  (404) 781-1101
*Attorneys for Plaintiff*